## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHER DIVISION

WILLIE J. LENARD, and )
TAHJ AHMAAD VAUGHANS, )
  )
    Plaintiffs, )
  )
v. )
  )
  )
KAY IVEY, IN HER INDIVIDUAL AND )
OFFICIAL CAPACITY, AS )
GOVERNOR OF THE STATE OF )
ALABAMA; STEVE MARSHALL, IN )
HIS INDIVIDUAL AND OFFICIAL )
CAPACITY, AS ATTORNEY GENERAL )
OF THE STATE OF ALABAMA; and )
JOHN MERRILL, IN HIS INDIVIDUAL )
AND OFFICIAL CAPACITY, AS )
SECRETARY OF STATE OF THE )
STATE OF ALABAMA, )
  )
    Defendants. )

CASE NO.
2:22-cv-485-JTA

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA
2022 AUG 12 P 3: 11
RECEIVED

## COMPLAINT

COME NOW the Plaintiffs, Willie J. Lenard and Tahj Ahmaad Vaughans, by and through their undersigned counsel, Julian L. McPhillips, Jr., and K. David Sawyer, and institute these proceedings, and invoke the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 1343 and 1344. This action is brought pursuant to 42 U.S.C. § 1983 to secure declaratory, equitable and prospective relief from the Defendants' unlawful deprivation of the Plaintiffs' rights, privileges and

1

immunities guaranteed by the Equal Protection Clause and Due Process Clause of the First and Fourteenth Amendments to the United States Constitution. This action is also brought pursuant to 42 U.S.C. § 1983 against each named defendant, in his or her individual capacity, due to each defendant's unlawful deprivation of the Plaintiffs' rights, privileges and immunities guaranteed by the Equal Protection Clause and Due Process Clause of the First and Fourteenth Amendments to the United States Constitution.

Declaratory relief also may be sought pursuant to 28 U.S.C. § 2201 and § 2202.

## PROCEDURE

1.     A suit alleging a violation of the United States Constitution against a state official in his official capacity for injunctive and prospective relief is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.

2.     A suit naming a state official, in his individual capacity, and alleging a violation of the United States Constitution is also not a suit against the state, and, accordingly, does not violate the Eleventh Amendment.

3.     Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged actions of the Defendants occurred in Montgomery County, Alabama.

## PARTIES

4.    Plaintiff Willie J. Lenard (hereinafter "Plaintiff" or "Mr. Lenard"), is a citizen of the United States, a resident and qualified voter of Montgomery County, Alabama, and is over the age of nineteen years.

5.    Plaintiff Tahj Ahmaad Vaughans (hereinafter "Plaintiff" or "Mr. Vaughans"), is a citizen of the United States, a resident and qualified voter of Montgomery County, Alabama, and is over the age of nineteen years.

6.    Governor Kay Ivey is named in her official capacity with authority to faithfully execute all laws within the State of Alabama; and named in her individual capacity for the unlawful deprivation of the Plaintiffs' rights, privileges and immunities guaranteed by the Equal Protection Clause and Due Process Clause of the First and Fourteenth Amendments to the United States Constitution.

7.    Attorney General Steve Marshall is named in his official capacity with the authority to defend the State of Alabama, and to examine the constitutional validity of State legislation; and named in his individual capacity for the unlawful deprivation of the Plaintiffs' rights, privileges and immunities guaranteed by the Equal Protection Clause and Due Process Clause of the First and Fourteenth Amendments to the United States Constitution.

8.    Secretary of State John Merrill is named his official capacity with responsibility for the oversight of Alabama's elections, the qualifications and

certifications of elected state and/or county officials, including the elected office of Sheriff of Montgomery County, Alabama; and named in his individual capacity for the unlawful deprivation of the Plaintiffs' rights, privileges and immunities guaranteed by the Equal Protection Clause and Due Process Clause of the First and Fourteenth Amendments to the United States Constitution.

## FACTS

9.    As defined by the Alabama Constitution (1901), each sheriff in Alabama is a member of the State's executive branch. Pursuant to Art. V, § 112, Ala. Const. 1901:

> **The executive department shall consist of** a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, **and a sheriff for each county**.

(Emphasis added).

10.    Any candidate for the executive office of governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and sheriff for each county is qualified by Ala. Code (1975) § 36-2-1. Pursuant to the 2021 census, and Ala. Code (1975) § 36-2-1, approximately 175,000 citizens in Montgomery County were qualified to run for the Office of Sheriff of Montgomery County, Alabama.

4

11.     However, on or about May 18, 2020, the Alabama Legislature passed Act No. 2020-146 placing severe limitations and restrictions on any viable candidate for the Office of Sheriff in Montgomery County, Alabama, strictly and unlawfully confining the Montgomery County voters' rights as to who may run, and who the voters may elect, for this elected state executive position. (Act No. 2020-146, attached as Exhibit A).

12.     Prior to passage of Act No. 2020-176, over 175,000 citizens in Montgomery County, including Plaintiff Willie J. Lenard and Plaintiff Tahj Ahmaad Vaughans, could qualify to run for the Office of Sheriff in Montgomery County, Alabama.  In addition, prior to passage of Act No. 2020-176, over 175,000 citizens in Montgomery County, including Plaintiff Willie J. Lenard and Plaintiff Tahj Ahmaad Vaughans, could also vote for this approximate number of otherwise qualified candidates pursuant to Ala. Code (1975) § 36-2-1.

13.     Following the passage of Act No. 2020-176, any qualified elector seeking to run for the office of Sheriff for Montgomery County became **required to have three or more years of immediate prior service as a law enforcement officer having the power of arrest**. (Act No. 2020-146, attached as Exhibit A). (Emphasis added).

14.     In addition, following the passage of Act No. 2020-176, any qualified elector seeking to run for the office of Sheriff for Montgomery County became

5

**required to have been awarded a four-year college degree from an accredited university**. (Act No. 2020-146, attached as Exhibit A). (Emphasis added).

15.    Moreover, following the passage of Act No. 2020-176, any qualified elector seeking to run for the office of Sheriff for Montgomery County became **required to have been a resident of Montgomery County as a law enforcement officer for at least one year immediately prior to the qualification date.** (Act No. 2020-146, attached as Exhibit A). (Emphasis added).

16.    None of these unsupported and unconstitutional restrictions listed in paragraphs 13, 14 and 15, existed prior to 2020.

17.    Applied together, these limiting unconstitutional restrictions applied by Act No. 2020-176 essentially reduced the number of qualified candidates for the Office of Sheriff for Montgomery County from over 175,000 qualified electors to much less than 1000 qualified electors (i.e., three year immediately experienced law enforcement officers having resided immediately one year in Montgomery County, Alabama, with a four-year college degree from an accredited university). Now, only approximately one-half of one percent of the present Montgomery's qualified electors may qualify to run for the state office of Sheriff of Montgomery County, Alabama.

18.    Such limiting and exclusive restrictions now applied to the Office of Sheriff in Montgomery County, Alabama, do not apply to Alabama's other elected

state officials, including the office of Governor, Lt. Governor, and the Secretary of State, State Senator, and State Representative.

19. On or about January 14, 2022, Plaintiff Lenard, submitted any and all necessary documents and fees to the Alabama Secretary of State and the Montgomery Chair of the Alabama Democratic Party requesting to run for the office of Montgomery County Sheriff in the Democratic Primary.

20. Thereafter, on or about January 27, 2022, the Montgomery Chair of the Alabama Democratic Party informed Plaintiff Lenard that he needed to speak with the Office of the Alabama Secretary of State because he may be "not qualified" to run for the office of Montgomery County Sheriff.

21. On or about January 28, 2022, the Plaintiff Lenard met with several individuals at the Office of the Alabama Secretary of State, at which time these agents or employees of the Alabama Secretary of State informed Plaintiff he was not qualified to run for the office of Montgomery County Sheriff in the Democratic Primary due to the new requirements established by Alabama Act No. 2020-146: that is Plaintiff Lenard did not have three or more years of immediate prior service as a law enforcement officer.

22. Plaintiff Lenard sought immediate relief in the Circuit Court of Montgomery County as he was seeking to run in the Democratic Primary, in case No. 03-CV-2022-000046, filed on February 7, 2022.

7

23.    After the Montgomery County Circuit Court denied Plaintiff Lenard any requested relief to run in the Democratic Primary, Plaintiff Lenard also sought prompt relief from the Supreme Court of Alabama, again seeking to run for the office of Montgomery County Sheriff in the Democratic Primary.

24.    On or about March 21, 2022, the Alabama Supreme Court, affirmed, without opinion, denying Plaintiff Lenard any relief to qualify and run for the Office of Sheriff of Montgomery County, Alabama, in the Democratic Primary.

## CLAIMS AND REQUESTED RELIEF

I.    **Alabama Act No. 2020-146 is Unconstitutional in Violation of the First Amendment and in Violation of the Due Process and Equal Protection clauses to Fourteenth Amendment to the United States Constitution.**

25.    Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 24 above, the same as if more fully set forth herein,

26.    The United States Supreme Court long has recognized candidates' constitutional rights under the First and Fourteenth Amendments to associate for political ends and to participate equally in the electoral process. See *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S.Ct. 2059 2063, 119 L.Ed.2d 245 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 787-88, 103 S.Ct. 1564 1569, 75 L.Ed.2d 547 (1983).

27.    Ballot access restrictions also implicate the constitutional rights of voters, especially those with preferences outside the existing parties, to associate and

cast their votes effectively. See *Williams v. Rhodes*, 393 U.S. 23, 30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968).

28.   The United States Supreme Court recognizes that "states have important and compelling interests in regulating the election process and in having ballot access requirements." *Green v. Mortham*, 155 F.3d 1332, 1335 (11th Cir. 1998).

29.   In order to balance these interests, a court must first consider "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the [candidates] seeks to vindicate." *Anderson*, 460 U.S. at 789, 103 S.Ct. at 1570. "It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." Id.

30.   In making this evaluation, a court must "determine the legitimacy and strength of [the State's] interests [and] consider the extent to which those interests make it necessary to burden the [candidate's] rights." Id. A court then must weigh all these factors to determine if the statute is constitutional. Id.

31.   As stated above, Alabama Act No. 2020-146 is a local act that applies directly to the constitutional rights of candidates running for the elected Office of Sheriff of Montgomery County, Alabama; and to the constitutional rights of the

voters of Montgomery County who may vote for a candidate of choice for the elected Office of Sheriff of Montgomery, Alabama.

32.    Contrary to the constitutional and statutory qualifications for the office of Sheriff, a state executive office created by the Alabama Constitution (1901), the candidate for the Office of Sheriff of Montgomery County, must now, pursuant to Alabama Act No. 2020-146, meet the additional burdensome qualification listed in paragraphs 13, 14, and 15, above. (See Alabama Act No. 2020-146, Exhibit A).

33.    "[B]allot access cases . . . focus on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process. The inquiry is whether the challenged restriction unfairly or unnecessarily burdens 'the availability of political opportunity.'" *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) (citations omitted).

34.    Accordingly, the question is whether Act No. 2020-146 and its requirements of **a four-year college degree from an accredited university, immediate 3-year law-enforcement experience, and one year residency as a law enforcement in Montgomery County during year preceding the election,** violate each Plaintiffs' and other electors' rights under the First and Fourteenth Amendments - not to be unlawfully discriminated against either in his exercise of the franchise or to become a candidate.

10

35. These well-established rights associated with participating in a democracy include the rights of association, freedom of speech, ballot access, and the right to cast an effective ballot.

36. Act No. 2020-146 is a clear example of the denial of the opportunity to participate in this regard and prohibits nearly every citizen in Montgomery County from running for the Office of Sheriff. This exclusion further denies the Plaintiffs and other voters of Montgomery County the opportunity to vote for a candidate of their choosing.

37. For this reason, Alabama Act No. 2020-146 must be declared unconstitutional and invalid in violation of the First Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant the following relief:

a) Enter a judgment declaring Alabama Act No. 2020-146 to be violative of the First Amendment to the United States Constitution;

b) Enter a judgment declaring Alabama Act No. 2020-146 to be violative of the Due Process and/or Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

11

c) Enter a judgment declaring Alabama Act No. 2020-146 to be otherwise unconstitutional as applied to the Plaintiffs, and to candidates for the Office of Sheriff of Montgomery County and their supporters and voters;

d) Award Plaintiffs reasonable attorney's fees and costs of this action pursuant to 42 U.S.C. § 1983; and

e) Grant Plaintiffs such other and further relief as this Court deems just and equitable.

**II.    Defendants Kay Ivey, Steve Marshall and John Merrill, each in his/her individual capacity, acted in violation of the First Amendment and in Violation of the Due Process and Equal Protection clauses to Fourteenth Amendments to the United States Constitution.**

38.    Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 24 above, the same as if more fully set forth herein,

39.    The United States Supreme Court long has recognized candidates' constitutional rights under the First and Fourteenth Amendments to associate for political ends and to participate equally in the electoral process. See *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S.Ct. 2059 2063, 119 L.Ed.2d 245 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 787-88, 103 S.Ct. 1564 1569, 75 L.Ed.2d 547 (1983).

40.    Ballot access restrictions also implicate the constitutional rights of voters, especially those with preferences outside the existing parties, to associate and

12

cast their votes effectively. See *Williams v. Rhodes*, 393 U.S. 23, 30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968).

41.    The United States Supreme Court recognizes that "states have important and compelling interests in regulating the election process and in having ballot access requirements." *Green v. Mortham*, 155 F.3d 1332, 1335 (11th Cir. 1998).

42.    In order to balance these interests, a court must first consider "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the [candidates] seeks to vindicate." *Anderson*, 460 U.S. at 789, 103 S.Ct. at 1570. "It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." Id.

43.    In making this evaluation, a court must "determine the legitimacy and strength of [the State's] interests [and] consider the extent to which those interests make it necessary to burden the [candidate's] rights." Id. A court then must weigh all these factors to determine if the statute is constitutional. Id.

44.    As stated above, Alabama Act No. 2020-146 is a local act and applies only to the constitutional rights of candidates running for the elected Office of Sheriff of Montgomery County, Alabama; and to the constitutional rights of the voters of Montgomery County, Alabama to elect a candidate of their choosing.

45. Contrary to the original qualifications for the office of Sheriff, a state executive office created by the Alabama Constitution (1901), the candidate for the Office of Sheriff of Montgomery County, Alabama, must now, pursuant to Alabama Act No. 2020-146, meet additional burdensome qualification as listed in paragraphs 13, 14, and 15, above. (See Alabama Act No. 2020-146, Exhibit A).

46. "[B]allot access cases . . . focus on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process. The inquiry is whether the challenged restriction unfairly or unnecessarily burdens 'the availability of political opportunity.'" *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) (citations omitted).

47. Act No. 2020-146 and its requirements of a four-year college degree from an accredited university, immediate 3-year law-enforcement experience, with one year residency in Montgomery County as a law-enforcement officer during year preceding the election, violate each Plaintiffs' and other electors' rights under the First and Fourteenth Amendments - not to be unlawfully discriminated against either in his exercise of the franchise or to become a candidate.

48. The well-established rights associated with participating in a democracy include the rights of association, freedom of speech, ballot access, and the right to cast an effective ballot.

14

49. Act No. 2020-146 is a clear example of the denial of the opportunity to participate in this regard and prohibits nearly every citizen in Montgomery County from running for the Office of Sheriff for Montgomery County, Alabama. This exclusion further denies each Plaintiff and other voters of Montgomery County the opportunity to vote for a candidate of their choosing.

50. By accepting, adopting, approving, requiring and enforcing unconstitutional Act No. 2020-146, Defendants Kay Ivey, Steve Marshall and John Merrill, acting in their individual capacities, have violated, and continue to violate, each Plaintiff's Constitutional rights pursuant to the First Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, pursuant to 42 U.S.C. §1983, Plaintiffs respectfully request the following relief:

a) A judgment against the Defendants, in their individual capacity, for acting in violation of the Plaintiff's rights afforded by First Amendment to the United States Constitution;

b) A judgment against the Defendants, in their individual capacity, for acting in violation of the Plaintiffs' rights afforded by Due Process and/or Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

15

c) A judgment awarding each Plaintiff compensatory damages;

d) Reasonable attorney's fees and costs of this action pursuant to 42 U.S.C. § 1983; and

e) Such other and further relief as this Court deems just and equitable.

**III.  Alabama Act No. 2020-146 is Unconstitutional in Violation of the Plaintiff's rights to Due Process and Equal Protection provided by the Constitution of Alabama (1901).**

51.    Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 24 above, the same as if more fully set forth herein,

52.    Plaintiffs claim Alabama Act No. 2020-146 is a violation of the Plaintiff's rights to due process and equal protection in violation of Sections 1, 6, 13, 22, and 35 of Article I of the Constitution of Alabama (1901).

53.    Each of these sections to the Alabama Constitution state the following:

> Sec. 1. That all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness.

> Sec. 6. That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either . . . ; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury . . . ; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law . . . . .

> Sec. 13. That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.

16

Sec. 22. That no ex post facto law, nor any law, impairing the obligations of contracts, or making any irrevocable or exclusive grants of special privileges or immunities, shall be passed by the legislature; and every grant or franchise, privilege, or immunity shall forever remain subject to revocation, alteration, or amendment.

Sec. 35. That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty and property, and when the government assumes other functions it is usurpation and oppression.

54. The Plaintiffs' First and Fourteenth Amendment rights to associate for political ends and to participate equally in the electoral process are the rights also protected by the Alabama Constitution (1901).

55. Act No. 2020-146 and its requirements of a four-year college degree from an accredited university, immediate 3-year law-enforcement experience, with one year residency in Montgomery County as a law-enforcement officer during the year preceding the election, violate each Plaintiffs' rights under the First and Fourteenth Amendments - not to be unlawfully discriminated against either in his exercise of the right to vote or right to become a candidate.

56. For these reasons as well, Alabama Act No. 2020-146 must be declared unconstitutional and invalid.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant the following relief:

a) Enter a judgment declaring Alabama Act No. 2020-146 to be violative of the Alabama Constitution;

17

b) Enter a judgment declaring Alabama Act No. 2020-146 to be violative of the Due Process and/or Equal Protection rights the Alabama Constitution;

c) Enter a judgment declaring Alabama Act No. 2020-146 to be otherwise unconstitutional as applied to the Plaintiffs, and to candidates for the Office of Sheriff of Montgomery County and their supporters and voters;

d) Award Plaintiffs reasonable attorney's fees and costs of this action; and

e) Grant Plaintiffs such other and further relief as this Court deems just and equitable.

Respectfully submitted this 12th day of August 2022.

JULIAN L. McPHILLIPS, JR.
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL  36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@icloud.com

K. David Sawyer
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL  36104
Telephone: (334) 239-7382
Facsimile: (334) 263-2321
kdsawyer64@outlook.com

18

**OF COUNSEL**
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL  36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@icloud.com
kdsawyer64@outlook.com


## PLAINTIFFS WILL SERVE EACH DEFENDANT BY PERSONAL PROCESS SERVER:

**KAY IVEY**
**Governor of Alabama**
**State of Alabama**
**600 Dexter Avenue**
**Montgomery, AL 36130**

**STEVE MARSHALL**
**Alabama Attorney General**
**Attorney General's Office**
**State of Alabama**
**501 Washington Avenue**
**Montgomery, AL 36130**

**JOHN MERRILL**
**Alabama Secretary of State**
**State of Alabama**
**State Capitol Building**
**600 Dexter Avenue**
**Montgomery, AL  36130**