# EXHIBIT A

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE J. LENARD,** <br><br> **Plaintiff,** <br> **v.** <br><br><br> **JOHN MERRILL, ALABAMA SECRETARY OF STATE; TYNA DAVIS, CHAIRPERSON OF THE MONTGOMERY COUNTY DEMOCRATIC EXECUTIVE COMMITTEE; and J. C. LOVE, III, JUDGE OF PROBATE OF MONTGOMERY COUNTY,** <br><br> **Defendants.** | ) | **CASE NO.** CV 22-46 <br><br> FEB -7 2022 |

**EMERGENCY PETITION FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS, INJUNCTIVE AND EQUITABLE RELIEF, AND TEMPORARY RESTRAINING ORDER AND BRIEF IN SUPPORT THEREOF**

COMES NOW the Plaintiff, Willie J. Lenard, by and through his undersigned counsel, Julian L. McPhillips, Jr., and K. David Sawyer, and, pursuant to Ala. Code (1975) §§ 6-6-222 and 6-6-227, Ala. Code (1975) § 41-22-10, and Ala. Const. 1901, Art. 1, §§ 1, 6. 22, and pursuant to 42 U.S.C. § 1983 and the First Amendment and Fourteenth Amendment to the United States Constitution, hereby petitions this Honorable Court for the following declaratory, injunctive, equitable and other immediate and necessary relief including: (1) a judgment declaring that Local Act.

No. 2020-146 is unconstitutional; (2) a writ of mandamus directing the named defendants to place the name of the Plaintiff on the 2022 Democratic Primary Ballot as a qualified candidate of the office of Sheriff for Montgomery County, Alabama; (3) an order temporarily restraining the Montgomery County Probate Judge from printing the 2022 Democratic Primary Ballot until the issues in this action are appropriately decided, as more specifically set forth below.

## PARTIES

1. Plaintiff Willie J. Lenard (hereinafter "Plaintiff" or "Mr. Lenard"), is a citizen of the United States, a resident of Montgomery County, Alabama, and a qualified candidate for office of Sheriff of Montgomery County, Alabama. Plaintiff is over the age of nineteen years.

2. The Defendant, Secretary of State John Merrill is Alabama's elected state official responsible for the oversight of Alabama's elections, the qualification and certification of elected state and/or county officials, including the elected office of Sheriff of Montgomery County, Alabama. Secretary of State John Merri is a necessary party pursuant to Ala. Code (1975) §§ 6-6-222 et seq. Moreover, a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004). A state official

is subject to suit in his official capacity when his office imbues him with the responsibility to enforce the law or laws at issue in the suit. See Ex Parte Young, 209 U.S. 123, 161, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

3. The Defendant Ms. Tyna Davis, as Chairperson of the Montgomery County Democratic Executive Committee, is responsible for the oversight of primary and general elections and the qualification and certification of certain state and county officials, including the elected office of Sheriff of Montgomery County, Alabama. This Defendant is a necessary party pursuant to Ala. Code (1975) §§ 6-6-222 et seq.

4. The Defendant Montgomery Judge of Probate, J. C. Love, III, is responsible for the oversight of primary and general elections and the preparation of ballots for electors in Montgomery County, Alabama, for elected offices, including the elected office of Sheriff of Montgomery County, Alabama. This Defendant is a necessary party pursuant to Ala. Code (1975) §§ 6-6-222 et seq.

**FACTS**

5. On or about January 14, 2022, Plaintiff Lenard, filed online electronically with the Alabama Secretary of State John Merrill, paperwork requesting to run for the office of Montgomery County Sheriff, and also confirming his appointment of a Principal Campaign Committee filed under the Fair Campaign

Practice Act of Alabama. Plaintiff also filed appropriate ethics paperwork. (See Exhibit A).

6. Therefore, on January 18, 2022, Plaintiff Lenard gave Ms. Tyna Davis, as Chairperson of the Montgomery County Democratic Executive Committee, a check for $2,004.00, the same amount representing the filing fee for the Democratic Party to run for the office of Montgomery County Sheriff. (See Exhibits B & C).

7. On or about January 27, 2022, the night before the January 28, 2022, closing deadline, Ms. Tyna Davis, as Chairperson of the Montgomery County Democratic Executive Committee, informed Plaintiff that an individual from the Office of the Alabama Secretary of State had informed her (Ms. Davis) and the Democratic Party that Plaintiff was "not qualified" to run for the office of Montgomery County Sheriff. She further stated she was unaware of this law, until told so at that time.

8. On or about January 28, 2022, Plaintiff Lenard met with several individuals at the Office of the Alabama Secretary of State, and briefly, he believes, with the Secretary of State himself, at which time these agents or employees of the Alabama Secretary of State informed Plaintiff that Local Act No. 2020-146 disqualified Mr. Lenard as a candidate for Sheriff of Montgomery County.

9. These agents or employees of the Alabama Secretary of State advised Plaintiff he was not qualified to run for the office of Montgomery County Sheriff

because of qualification "6" that reads as follows: "**The person at the time of qualifying has three or more years of immediate prior service as a law enforcement officer having the power of arrest.**" (Emphasis added).

## CLAIMS AND REQUESTED RELIEF

## COUNT ONE

**I. Local Act No. 2020-146 is Unconstitutional in Violation of Article IV, § 105 of the Alabama Constitution as it enacts a local law on a matter provided for by the general laws of Alabama and the Alabama Constitution.**

10. Local Act No. 2020-146 (attached as Exhibit D) in violation of the uniformity provisions of the Alabama Constitution (1901): §§ 104(29) and 105, and § 190 as amended by Amendment 41. Ala., Constitution § 104(29) provides the legislature shall not pass a special, private, or local law in any of the following cases:

....

> (29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of the organization of new counties, or the changing of the lines of old counties....

11. Similarly, Alabama Constitution (1901) § 105 provides:

> No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for

> by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.

12. In addition, Ala. Constitution § 190, as amended by Amendment 41 states the following:

> The legislature shall pass laws not inconsistent with this Constitution to regulate and govern elections and all such laws shall be uniform throughout the state; and shall provide by law for the manner of holding elections and of ascertaining the result of the same, and shall provide general registration laws not inconsistent with the provisions of this article for the registration of all qualified electors from and after the first day of January, nineteen hundred and three. The legislature shall also make provision by law, not inconsistent with this article, for the regulation of primary elections, and for punishing frauds at the same, but shall not make primary elections compulsory. The legislature shall by law provide for purging the registration list of the names of those who die, become insane, or convicted of crime, or otherwise disqualified as electors under the provisions of this Constitution, and of any names which may have been fraudulently entered on such list by the registrars; provided, that a trial by jury may be had on the demand of any person whose name is proposed to be stricken from the list.

13. Local Act No. 2020-146 concerns the conduct of elections (§ 104(29)); pertains to regulating or governing elections (§ 190 as amended by Amendment 41); and is a local law on a subject subsumed by Alabama general law(s) (§ 105).

14. As defined by the Alabama Constitution, each sheriff in Alabama is a member of the State's executive branch. Art. V, § 112, Ala. Const. 1901: "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county."

15. As a state executive officer, "a sheriff is immune from being sued in the execution of the duties of his office under Art. I, § 14, Alabama Const. 1901." Ex Parte Haralson, 853 So.2d 928, 932 (Ala. 2003). Alabama sheriffs and their deputies are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment. See Turquitt v. Jefferson Cty., 137 F.3d 1285, 1288–89 (11th Cir. 1998).

16. State officials, as members of the State's executive branch, are created by the Alabama Constitution and are elected, appointed, and removed from office pursuant to the Alabama Constitution and the general laws of the State. Ala. Code (1975) § 17-3-30 is the general law defining all electors in the State of Alabama. Ala. Code (1975) § 36-2-1 is the general law addressing electors who "shall be ineligible to and disqualified from holding office under the authority of this state." Likewise, Section 38 of the Alabama Constitution (1901), as amended by Constitutional Amendment 35, is the general law addressing the election of sheriffs

in each county, the term of office, right of succession, and removal by impeachment under Section 174 of the Alabama Constitution.

17. Local Act 2020-146 clearly is a local law in direct conflict with general laws provided by statute and the Alabama Constitution and also violates the uniformity provisions of the Alabama Constitution.

18. For this reason, Local Act 2020-146 must be declared unconstitutional and invalid.

## COUNT TWO

**II. Local Act No. 2020-146 is Unconstitutional in Violation of the First Amendment and in Violation of the Due Process and Equal Protection clauses to Fourteenth Amendments to the United States Constitution.**

19. The Supreme Court long has recognized candidates' constitutional rights under the First and Fourteenth Amendments to associate for political ends and to participate equally in the electoral process. See Burdick v. Takushi, 504 U.S. 428, 433, 112 S.Ct. 2059 2063, 119 L.Ed.2d 245 (1992); Anderson v. Celebrezze, 460 U.S. 780, 787-88, 103 S.Ct. 1564 1569, 75 L.Ed.2d 547 (1983). Ballot access restrictions also implicate the constitutional rights of voters, especially those with preferences outside the existing parties, to associate and cast their votes effectively. See Williams v. Rhodes, 393 U.S. 23, 30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968). At

the same time, the Supreme Court also recognizes that "states have important and compelling interests in regulating the election process and in having ballot access requirements." Green v. Mortham, 155 F.3d 1332, 1335 (11th Cir. 1998)

20. In order to balance these interests, a court must first consider "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the [candidate] seeks to vindicate." Anderson, 460 U.S. at 789, 103 S.Ct. at 1570. "It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." Id. In making this evaluation, a court must "determine the legitimacy and strength of [the State's] interests [and] consider the extent to which those interests make it necessary to burden the [candidate's] rights." Id. A court then must weigh all these factors to determine if the statute is constitutional. Id.

21. As stated above, Local Act No. 2020-146 is a local act and applies only to candidates running for the elected office of Montgomery County Sheriff. Contrary to the qualifications for the office of Sheriff, an state executive office created by the Alabama Constitution (1901), the candidate in Montgomery County, by local law, must meet an additional burdensome qualification: "[A]t the time of qualifying," the candidate must have "three or more years of immediate prior service as a law enforcement officer having the power of arrest." In other words, any

candidate for the office of Sheriff in Montgomery County must have served as a law enforcement officer for the immediately preceding 3 years.

22. "[B]allot access cases . . . focus on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process. The inquiry is whether the challenged restriction unfairly or unnecessarily burdens 'the availability of political opportunity.'" Anderson v. Celebrezze, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) (citations omitted). Accordingly, the question is whether Local Act No. 2020-146 and its requirement of **immediate 3-year law-enforcement experience with power of arrest** violates the Plaintiff's rights under the First and Fourteenth Amendments not to be unlawfully discriminated against either in his exercise of the franchise or to become a candidate. The well-established rights associated with participating in a democracy include the rights of association, freedom of speech, ballot access, and the right to cast an effective ballot. This local ballot qualification is the denial of the opportunity to participate and is essentially a prohibition of nearly every citizen in Montgomery from running for Sheriff. This exclusion further denies voters the opportunity to vote for a candidate of their choosing.

23. For this reason, Local Act No. 2020-146 must be declared unconstitutional and invalid.

## COUNT THREE

**III. Local Act No. 2020-146 is Unconstitutional in Violation of the Plaintiff's rights to Due Process and Equal Protection provided by the Constitution of Alabama (1901).**

24. Similar to Claim II, Plaintiff claims Local Act No. 2020-146 is a violation of the Plaintiff rights to due process and equal protection in violation of Sections 1, 6, 13, 22, and 35 of Article I of the Constitution of Alabama (1901).

25. Each of these sections to the Alabama Constitution state the following:

**Sec. 1.** That all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness.

**Sec. 6.** That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either . . . ; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury . . . ; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law . . . . .

**Sec. 13.** That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.

**Sec. 22.** That no ex post facto law, nor any law, impairing the obligations of contracts, or making any irrevocable or exclusive grants of special privileges or immunities, shall be passed by the legislature; and every grant or franchise, privilege, or immunity shall forever remain subject to revocation, alteration, or amendment.

**Sec. 35.** That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty and property, and when the government assumes other functions it is usurpation and oppression.

26. In Hamilton v. Adkins, 35 So. 2d 183. 188-89 (Ala. 1948), the Alabama Supreme Court acknowledged the rights to due process and equal protection under the Alabama Constitution:

> [T]he right of any of the appellees to be protected against discrimination under the state constitution must be rested on lack of due process and the general idea of uniformity rather than on an express provision for equal protection. . . . [T]he effect of the equal protection clause of the Federal Constitution and state uniformity requirements are substantially similar and what violates the one will contravene the other.

27. In this regard, the Plaintiff's First and Fourteenth Amendment rights to associate for political ends and to participate equally in the electoral process are also rights to due process and equal protection protected by the Alabama Constitution (1901).

28. For this reason, Local Act No. 2020-146 must be declared unconstitutional and invalid.

29. This is an Emergency Petition because of the fast-approaching election dates and the fact the ballots need to be certified and approved. Failure to grant the relief requested will result in immediate and irreparable harm to the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Honorable Court grant the following relief:

a) Enter judgment declaring Act Local Act No. 2020-146 unconstitutional, null and void;

b) Issue a Writ of Mandamus directing the Judge of Probate of Montgomery County to place Willie J. Lenard on the Primary Democratic Ballot for Montgomery County as a candidate for the office of Sheriff of Montgomery County, Alabama;

c) Provide any additional necessary immediate injunctive and equitable relief, including a temporary restraining order, and ultimately a preliminary and permanent injunction as the exclusion of Willie J. Lenard from the Primary Democratic Ballot for Montgomery County as a candidate for the office of Sheriff of Montgomery County, Alabama, will cause Willie J. Lenard to suffer immediate and irreparable harm as a qualified candidate and as a

qualified elector should the primary election be allowed to be conducted in violation of the United States Constitutions, the Alabama Constitution, and other laws and rules as averred above; and,

d) Award any reasonable costs and attorney's fees as allowed by rule or law including pursuant to Ala. Code (1975) §§ 6-6-222 et seq. and 42 U.S.C. § 1988.

Respectfully submitted this 7th day of February 2022.

Julian L. McPhillips, Jr.
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@icloud.com
Counsel for Plaintiff

K. David Sawyer
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 239-7382
Facsimile: (334) 263-2321
kdsawyer64@outlook.com
Counsel for Plaintiff

**PLAINTIFF WILL SERVE EACH DEFENDANT BY PERSONAL PROCESS SERVER:**

**JOHN MERRILL**
**Alabama Secretary of State**
**State Capitol Building**
**600 Dexter Avenue**
**Montgomery, AL 36130**

**TYNA DAVIS**
**Chair, Montgomery County Democratic Party**
**501 Adams Avenue**
**Montgomery, AL 36104**

**J.C. LOVE, III**
**Probate Judge of Montgomery County**
**Office of Montgomery County Probate Judge**
**Courthouse Annex III**
**101 S Lawrence St.**
**Montgomery, AL 36101**

**STEVE MARSHALL**
**Alabama Attorney General**
**Attorney General's Office**
**State of Alabama**
**501 Washington Avenue**
**Montgomery, AL 36104**

Julian L. McPhillips, Jr.

FAIR CAMPAIGN PRACTICES ACT
STATE OF ALABAMA

THIS AREA FOR OFFICIAL USE ONLY

This document was filed electronically on 01/14/2022 at 02:34PM with the Elections Division, Office of the Alabama Secretary of State.

# Appointment of Principal Campaign Committee

**Please print in ink or type. E-mail address is required.**

| Full Name of Candidate | | E-mail Address of Candidate (required) | |
|---|---|---|---|
| WILLIE J LENARD | | WILLIE.LENARD1@GMAIL.COM | |
| Office Sought (include district or circuit number, if applicable) | | Political Party / Ballot Affiliation | |
| SHERIFF, MONTGOMERY COUNTY | | Democrat | |
| Address of the Committee (street or post office box) | | | |
| 9716 LOCHFIELD DR | | | |
| City | State | ZIP Code | Telephone Number |
| PIKE ROAD | AL | 36064 | (803) 206-0912 |

This form is due within **five** (5) calendar days of reaching the threshold amount, or within **five** (5) calendar days of qualifying with a political party, or within **five** (5) calendar days of filing a petition as an independent or third party candidate.

**Type of Committee** (check one)

[X] I appoint myself as the sole member of my principal campaign committee.

[ ] I hereby appoint the individuals listed below to act as my principal campaign committee.

If you are appointing others to serve as your committee, you must select at least two members. You may appoint up to five members. One member should be designated as the chairperson of the committee. A second member should be designated as the treasurer. Please clearly print their names and addresses in the spaces below. Each appointee must sign his or her name.

Candidates who choose to be the sole member of their principal campaign committee must choose a designee to dissolve the committee due to the possibility of death or incapacitation of the candidate.

| Chairperson | | |
|---|---|---|
| Full Name | Email Address (required) | |
| Address (street or post office box) | | |
| City | State | ZIP Code |
| Signature of Committee Member | | |

| Treasurer | | |
|---|---|---|
| Full Name | Email Address (required) | |
| Address (street or post office box) | | |
| City | State | ZIP Code |
| Signature of Committee Member | | |

| Committee Member | | |
|---|---|---|
| Full Name | Email Address (required) | |
| Address (street or post office box) | | |
| City | State | ZIP Code |
| Signature of Committee Member | | |

| Committee Member | | |
|---|---|---|
| Full Name | Email Address (required) | |
| Address (street or post office box) | | |
| City | State | ZIP Code |
| Signature of Committee Member | | |

| Committee Member | | |
|---|---|---|
| Full Name | Email Address (required) | |
| Address (street or post office box) | | |
| City | State | ZIP Code |
| Signature of Committee Member | | |

| Committee Dissolution Designee | | |
|---|---|---|
| Full Name | Email Address (required) | |
| SHANA LENARD CAULDER | SHANAPL@GMAIL.COM | |
| Address (street or post office box) | | |
| 9716 LOCHFIELD DR | | |
| City | State | ZIP Code |
| PIKE ROAD | AL | 36064 |
| Signature of Committee Member | | |

**Where to file this form...**
After all individuals listed on this form have signed, please mail original document to the following address:

Office of the Secretary of State
Elections Division
P.O.Box 5616
Montgomery, AL 36103

EXHIBIT
tabbies
A

As required by the Alabama Fair Campaign Act, I hereby swear or affirm to the best of my knowledge and belief that the information contained herein is true and correct.

Signature of elected official or candidate

01/14/2022
Date

FORM REVISED 6.28.2017

EXHIBIT B

# ALABAMA DEMOCRATIC PARTY
## Declaration of Candidacy

For Party Office Use Only:
Date Rec'd ______
Amt. Pd. ______
Receipt # ______
Pmt. Type ______
Data Entry ______

STATE OF ALABAMA
COUNTY OF Montgomery

I hereby certify that I am a Democrat; that I am a qualified elector of the State of Alabama; that I subscribe to the Principles of the Democratic Party of Alabama; and I possess the qualifications fixed by law for the office for which I am a candidate.

If I am a candidate for the Democratic nomination for Judge of a Court Record, I do further certify that at the time of filing this Declaration of Candidacy I am not under disbarment or suspension.

If I am a candidate for the Legislature of the State of Alabama, I pledge to the Democratic voters of the Senate/House District listed below and to all Democratic voters of this state that I will vote for the Democratic Caucus choices for the leadership positions of the legislative body to which I seek to be elected. I further pledge to these voters that I will vote for the Democratic Caucus choices for the operating rules of the legislative body to which I seek to be elected. This pledge shall remain in force and effect during the entire term to which I seek to be elected. Failure to adhere to this pledge shall render me ineligible to be called a "Democrat in Good Standing" and as such I will not be allowed to qualify as a Democratic Candidate in the next election cycle, unless or until approved by the Executive Board of the State Democratic Executive Committee.

✓ *Check each paragraph below that applies.*

- [ ] I hereby certify that I have a current Statement of Economic Interests on file with the Alabama Ethics Commission.
- [x] I hereby certify that I will file a Statement of Economic Interests for the previous calendar year with the Alabama Ethics Commission not more than 5 days after filing qualifying papers.
- [ ] I hereby certify that I am a non-incumbent candidate for a judicial office, and that I will file a copy of my Statement of Economic Interests and a Disclosure Statement of Economic Interests with the Clerk of the Supreme Court within 10 days of qualifying as a candidate [Canons of Judicial Ethics, Canon 6, Subsection C].

✓ *Check only one paragraph below that applies.*

- [x] I hereby certify that I have filed an Appointment of Principal Campaign Committee with the Secretary of State.
- [ ] I hereby certify that I will, within five days of reaching the disclosure threshold or filing this declaration of candidacy, file an Appointment of Principal Campaign Committee electronically with the Secretary of State.

I hereby declare myself to be a candidate for the 2022 Democratic nomination and election for the office of:

Sheriff of Montgomery County
Office | District, Jurisdiction and/or County | Place Number, If applicable

Name to appear on ballot: Willie J. Lenard
Please print or type name without titles as you wish it to appear on the ballot. Name changes will not be accepted after the close of qualifying.

9716 Lochfield Drive
Residential Address (Not P.O. Box)

Pike Road, Al. 36064
Residential City, State, Zip

Home Phone ______ Cell Phone 803-206-0912

Work Phone ______ Fax Number ______

Willie.lenard1@gmail.com
Email Address

Retired
Occupation/Employer or Principal Place of Business

Business Address ______

Business City, State, Zip ______

Mailing Address (if different from residential) ______

Mailing City, State, Zip ______

[signature]
Signature of Candidate

Willie James Lenard
Print Full Name of Candidate

State candidates may mail or hand deliver forms to the Alabama Democratic Party:
501 Adams Avenue, Montgomery, AL 36104
or
PO Box 950, Montgomery, AL 36101
County candidates contact local County Party for qualifying location.

EXHIBIT
tabbies
C

NAVY FEDERAL Credit Union

PO Box 3000
Merrifield, VA 22119-3000
navyfederal.org

68-7497
2560

**Cashier's Check**

| Serial No. | Account No. | Date | Amount |
|---|---|---|---|
| 0453482404 | ******6521 | 01/18/22 | $************2004.00 |

**Pay to the Order of** MONTGOMERY COUNTY DEMOCRATIC PARTY

REMITTER: WILLIE J LENARD

Authorized Signature

© 2014 Navy Federal NFCU C38 (8-14)

⑆256074974⑆ 280912 ⑈002

Given to Dr. Tyra Davis on
1/18/22
W. J. Lenard

ACT #2020-146

EXHIBIT D

HB390

203389-3

By Representative Ingram (N & P)

RFD: Montgomery County Legislation

First Read: 05-MAR-20

MAY - 9 2020

<u>ENROLLED</u>, An Act,

Relating to Montgomery County; to provide for the qualifications of the sheriff; and to require completion of continuing education.

BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. This act shall only apply in Montgomery County.

Section 2. (a) On or after the effective date of this act, a person qualifying for election to the office of sheriff in the county or any person appointed to serve as a sheriff shall meet all of the following minimum qualifications, in addition to any other qualifications required by law:

(1) The person is a citizen of the United States.

(2) The person has been a resident of the county for at least one year immediately prior to the qualification date.

(3) The person has the qualifications of an elector pursuant to state and federal law and the person has been registered to vote in the county at least one year immediately prior to qualifying.

(4) The person has been awarded a four-year college degree from an accredited university.

(5) The person is 25 years of age or older prior to qualifying.

(6) The person at the time of qualifying has three or more years of immediate prior service as a law enforcement officer having the power of arrest.

(7) The person has never been convicted of a felony.

(b) Upon election, the sheriff of the county shall attend annually a minimum of 12 hours of continuing education approved by the Alabama Sheriffs Association.

Section 3. This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

HB390

Mac McCutcheon

Speaker of the House of Representatives

President and Presiding Officer of the Senate

House of Representatives

I hereby certify that the within Act originated in and was passed by the House 07-MAY-20.

Jeff Woodard
Clerk

Senate 09-MAY-20 Passed

APPROVED 5.18.2020

TIME 8:00 am

Kay Ivey
GOVERNOR

Alabama Secretary Of State

Act Num....: 2020-146
Bill Num...: H-390

Recv'd 05/18/20 10:27amKCW

**NAL SIGNATURES OF CO-SPONSORS**

_____ 80 _____
_____ 81 _____
_____ 82 _____
_____ 83 _____
_____ 84 _____
_____ 85 _____
_____ 86 _____
_____ 87 _____
_____ 88 _____
_____ 89 _____
_____ 90 _____
_____ 91 _____
_____ 92 _____
_____ 93 _____
_____ 94 _____
_____ 95 _____
_____ 96 _____
_____ 97 _____
_____ 98 _____
_____ 99 _____
_____ 100 _____
_____ 101 _____
_____ 102 _____
_____ 103 _____
_____ 104 _____

**HOUSE ACTION**
**(Continued)**

**REPORT OF 2ND STANDING COMMITTEE**
**This bill having been referred by the House to its standing committee on _____________ was acted upon by such a committee in session, and returned therefrom to the House with the recommendation that it be**

**Passed, w/amend(s) _____ w/sub _____**
**this _____ day of ____________, 20____,**
**____________________, Chairperson**

HOUSE OF REPRESENTATIVES
R. 2-Rfd Cal.
Date ____________
JEFF WOODARD, Clerk

HOUSE OF REPRESENTATIVES
23 R. 3 at length and passed
Yeas 102 Nays ____ Abs ____
Date 5-7-20
JEFF WOODARD, Clerk

**SENATE ACTION**
**(Continued)**

This bill having been referred to the Committee on Rules pursuant to Senate Rule 23 is reported to the Senate for assignment to the Committee on:

____________________

This _____ day of ____________, 20_____

____________________
Signed (Committee Chairperson)

Date: ____________________
Referred
Committee ____________________

DATE: 20___
RE-REFERRED ☐ RE-COMMITTED ☐
Committee ____________________

This Bill was referred to the Standing Committee of the Senate on

____________________

and was acted upon by such Committee in session and is by order of the Committee returned therefrom with a favorable report w/amd(s) _____ w/sub _____ w/eng sub _____ by a vote of
yeas _____ nays _____ abstain _____
this _____ day of ____________ 20_____
____________________, Chairperson