IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE J. LENARD, and TAHJ AHMAAD VAUGHANS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO. 2:22cv485-ECM (wo) |
| KAY IVEY, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is a motion to dismiss filed by Governor Kay Ivey ("Ivey"), Attorney General Steve Marshall ("Marshall"), and Secretary of State John Merrill ("Merrill") in their individual and official capacities. (Doc. 9).

The Plaintiffs, Willie J. Lenard ("Lenard") and Tahj Ahmaad Vaughans ("Vaughans"), filed a complaint in this Court bringing claims for violation of the First and Fourteenth Amendments of the Constitution of the United States (counts I & II) and claims for violation of the Alabama Constitution (count III). (Doc. 1).

Upon consideration of the motion, the entire record, and applicable law, and for reasons to be discussed, the motion is due to be GRANTED, Lenard's claims are due to be dismissed with prejudice, and Vaughans' claims are to be dismissed without prejudice for lack of standing.

## I.    FACTS

The facts alleged by the Plaintiffs are as follows:

Lenard and Vaughans are voters in Montgomery County, Alabama. Additionally, Lenard attempted to run for the position of Montgomery County Sheriff in the Democratic primary in 2022. Lenard was told that he did not qualify to run due to new requirements established in Alabama Act No. 2020-146 ("the Act").

The Alabama Act requires, among other things, that a candidate for sheriff in Montgomery County have three or more years of immediate prior service as a law enforcement officer. Lenard lacks that experience.

Lenard sought relief in the Montgomery County Circuit Court. In his complaint filed in state court, Lenard challenged the Act as violating the First Amendment and the due process and equal protection clauses of the Fourteenth Amendment. (Doc. 9-1). That case was brought against Merrill and other state defendants. The Montgomery County Circuit Court denied relief (doc. 9-2), and the denial was affirmed by the Alabama Supreme Court without opinion (doc. 9-3).

## II.   STANDARDS OF REVIEW

### A.  Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court

2

accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.* If the court then finds that the pleading does not allege a basis for subject matter jurisdiction, the court will dismiss the complaint.

### B.  Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## III.   DISCUSSION

The Defendants move for dismissal of Lenard's claims on the basis of res judicata and of Vaughans' claims for lack of standing.

### A.  Claims by Lenard

A "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  Res judicata has four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013).  Both the claims actually brought and the claims that could have been brought are barred when res judicata applies. *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992).  "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Mann*, 713 F.3d at 1311 (citation and quotation marks omitted).  "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.*

In this case, Lenard argues that in the state court case, he requested an order directing the Montgomery County Democratic Party to certify him as a candidate, which is not relief sought in this case.  Lenard does not dispute that the claims he seeks to bring

4

here could have been litigated in the state court case, but instead points out that the Alabama Supreme Court affirmed the denial of his request without opinion.  He takes the position that a no-opinion affirmance does not have preclusive effect.  Finally, while the Plaintiffs challenge the privity of Vaughans—against whom the Defendants do not assert res judicata—they do not challenge the privity of the Defendants.

Beginning with the requirement that both cases involve the same cause of action, it is clear that Lenard's lawsuit in state court challenged the constitutionality of the Act governing the qualifications for a candidate for Sheriff of Montgomery County, Alabama. (Doc. 9-1).  This case, therefore, which arises out of the same nucleus of operative fact and even brings an identical challenge, asserts the same claim for purposes of res judicata. *Mann*, 713 F.3d at 1311.

Both cases also involve the same parties, or parties in privity, because the state court action was brought by Lenard against Merrill, and this case is brought by Lenard against Merrill and others.  Although additional state officials are named in the instant case, the Court finds that privity of the Defendants exists.  "There is privity between officers of the same government so that a judgment in a suit between a party and a representative . . . is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940); *see also Montford v. Metro. Dade Cty. Gov't*, 2002 WL 34382746, at *3 (S.D. Fla. Mar. 27, 2002)(finding that officers of the same government have a commonality of interests).

Finally, there was a final judgment on the merits in state court.  The state circuit court denied relief and this denial was affirmed by the Supreme Court of Alabama.  (Doc. 9-3).  Affirmances by the Supreme Court of Alabama which are not accompanied by opinion are still final decisions for purposes of res judicata. *See* ALA. R. APP. P. 53(d)("An order of affirmance issued by the Supreme Court . . . by which a judgment or order is affirmed without an opinion, pursuant to section (a), shall have no precedential value . . . except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar.").  Therefore, Lenard's claims are precluded in this case and the motion to dismiss is due to be GRANTED as to those claims.

### B.  Claims by Vaughans

The Defendants argue that Vaughans lacks standing because he does not allege facts which plausibly plead an intent to run for office.  The Plaintiffs respond that they have alleged that the Act prohibits Vaughans from running for sheriff.  The Plaintiffs further argue that they have alleged that Vaughans is a qualified voter which provides a separate basis for standing.

To have standing, a plaintiff must establish an injury-in-fact that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable decision. *Indep. Party of Fla. v. Sec'y, State of Fla.*, 967 F.3d 1277, 1280 (11th Cir. 2020).  When a plaintiff seeks prospective relief to prevent a future injury, he must establish that the threatened injury is "certainly impending." *Id.*  The Supreme Court has held that a plaintiff

satisfies the injury-in-fact requirement where he alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)(quotation and citation omitted).

In this case, there is no allegation of fact in the complaint concerning an intent by Vaughans to run for sheriff.  The only facts set out in the complaint which concern Vaughans are allegations that he is a qualified voter of Montgomery County (doc. 1 para. 5); that before the passage of the Act, Vaughan could qualify to run for sheriff; and that before the passage of the Act, he could vote for qualified candidates for sheriff (*id.* para. 12).  Conclusory allegations that the Act violates Vaughans' right to "become a candidate" (*id.* para. 34 & 47), are not factual allegations of intent to run for sheriff.  *Cf. Davila v. Delta Airlines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003)(holding that conclusory allegations do not prevent dismissal).

As to the argument that Vaughans has standing as a voter, the Eleventh Circuit has held that when the identified harm is "'shared in substantially equal measure by . . . a large class of citizens,' it is not a particularized injury." *Wood v. Raffensperger*, 981 F.3d 1307, 1315 (11th Cir. 2020)(quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), *cert. denied,*141 S. Ct. 1379 (2021).  In that case, a voter claimed standing based on an interest in the counting of only lawful ballots, but the Eleventh Circuit held that the harm the plaintiff experienced as a voter was shared by other voters, and therefore, was insufficient as a basis

for standing.  *Id.*  The court noted that any Georgia voter could bring an identical claim. *Id.* at 1314.

The case Vaughans relies on to support his argument that he has standing in this case as a voter, *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009), concerned a challenge to a requirement that voters have acceptable photo identification to vote.  The standing issue presented was whether a denial of equal treatment of the voters was sufficient even when the complainant was able to overcome the challenged burden. *Id.* at 1351.  The Court held that imposition of the burden of obtaining photo identification was an injury sufficient to confer standing regardless of whether the plaintiffs were able to obtain photo identification. *Id.*

In distinguishing *Common Cause/Georgia*, the *Wood* court explained that "the injury there was the burden of producing photo identification, not the existence of separate rules for in-person and absentee voters. And the burden to produce photo identification affected each voter in a personal way." *Id.* at 1315 (citation omitted).  Under Eleventh Circuit law, therefore, a group of voters which suffers harm in a particularized way has a sufficiently specific harm to support standing, but a harm is too generalized to support standing if it is a harm suffered by all voters. *See id.* at 1315.

Here, Vaughans does not challenge a qualification for voting or any other restriction that applies to a group of voters in a particularized way, but instead challenges a qualification for a candidate for office that would impact all voters.  The complaint alleges that the Act "denies the Plaintiffs and other voters of Montgomery County the opportunity

8

to vote for a candidate of their choosing." (Doc. 1 para. 36).  Because the harm he has alleged is experienced by all Montgomery County voters, it is not sufficiently particularized to support standing.

Standing is a jurisdictional issue. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  Therefore, the dismissal of Vaughans' claim for lack of standing will be without prejudice. *Id.* As it may be that Vaughans can sufficiently plead a basis for standing within the requirements of Rule 11 of the *Federal Rules of Civil Procedure*, this Court will allow him an opportunity to file an amended complaint to adequately plead a factual basis for standing, should he choose to do so.[1]

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The motion to dismiss (doc. 9) is GRANTED to the extent that the claims of Willie J. Lenard are DISMISSED with prejudice and the claims of Tahj Ahmaad Vaughans are dismissed without prejudice for lack of standing.

2.  Tahj Ahmaad Vaughans is given until **October 28, 2022** to file an amended complaint which complies with M.D. Ala. L.R. 15.1 and does not incorporate his previous complaint by reference, and which adequately pleads a factual basis for standing.

---

[1] The Defendants have argued grounds for dismissal in the alternative, should the Court find that Vaughans has standing.  Having found that it lacks jurisdiction over Vaughans' claims as pleaded, the Court will not address those grounds.

DONE this 7th day of October, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE